Rossy García, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Considerada la petición de certiorari presentada en el caso de epígrafe, así como la moción en auxilio de jurisdicción sometida conjuntamente con el recurso, se declara sin lugar dicha moción y se deniega la expedición del auto solicitado.
El recurso instado en el caso que nos ocupa interesa la revisión y revocación de un dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, mediante el cual denegó una moción de desestimación promovida al amparo de la Regla 64(h) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En apoyo a su solicitud invoca el peticionario ante nos, al igual que lo hizo ante el foro de instancia, un Acta levantada en ocasión de su comparecencia voluntaria para aportar su testimonio ante el Departamento de Justicia, donde *1023 venía conduciéndose una investigación por alegados actos de corrupción y un esquema de fraude en el Municipio de Aguadilla. Nos remite, además, a los términos del "Acuerdo Preliminar Sobre Ofrecimiento de Testimonio para Inmunidad Criminal" que fue suscrito en dicha ocasión. Así argumenta en la Petición que, habiendo aportado su testimonio, estaba impedido el Ministerio Público de iniciar cualquier proceso de naturaleza criminal en su contra. Resolvemos que no le asiste la razón al peticionario y que el foro de instancia dictaminó con corrección al denegar la moción de desestimación por él promovida.
Surge de los autos que el caso que dio base al dictamen recurrido origina de una investigación sobre las actuaciones del Alcalde del Municipio de Aguadilla, Ramón Calero Bermúdez, por alegados actos de corrupción y un esquema de fraude existente en dicho Municipio. Como parte del trámite investigativo, el peticionario, Henry Rodríguez Reices, compareció voluntariamente asistido de su abogado, Ledo. Israel Roldán, a la Oficina de Asuntos del Contralor del Departamento de Justicia para aportar su testimonio "en ofrecimiento de prueba". Surge del Acta que se levantó en tal comparecencia, la que está suscrita por la Fiscal Auxiliar Wanda I. Casiano Sosa, así como por-el peticionario, Henry Rodríguez Reices, y su abogado, Ledo. Israel Roldán, que el testimonio que habría de ofrecer el peticionario "no podrá ser usado como prueba en su contra, y si por algún motivo se desistiere de este compromiso su testimonio será sellado y no podrá ser utilizado en proceso alguno". Se consignó, además, que "[ejn esta etapa estamos en disposición de recibir el testimonio del Sr. Henry Rodríguez Reices para luego de examinado el mismo por el Panel sobre el Fiscal Especial Independiente, se determine la concesión de inmunidad. Finalmente, se hizo constar que "la comparecencia del Sr. Rodríguez Reices y de su abogado, el Ledo. Israel Roldán es voluntaria".
Evidente resulta del examen del Acta invocada que, contrario a lo argumentado por el peticionario, ningún acuerdo de inmunidad se formalizó en el momento en que éste aportó su testimonio. Como bien se consignó en el Acta, ninguna autoridad tenía la Fiscal Auxiliar para conceder inmunidad al peticionario, correspondiéndole al Panel sobre el Fiscal Especial Independiente tomar tal determinación, ello luego de examinar el contenido de la declaración que éste habría de prestar. De no serle concedido el pedido de inmunidad por el promovido, y según consignado en el Acta, su testimonio no podría ser usado como prueba en su contra y el mismo "será sellado y no podrá ser utilizado en proceso alguno".
De otra parte, y dirigiendo nuestra atención al segundo documento invocado por el peticionario, a saber, el Acuerdo Preliminar Sobre Ofrecimiento de Testimonio para Inmunidad Criminal,- suscrito por la Fiscal Auxiliar, por el aquí peticionario y por su abogado, en el mismo se reitera que ninguna inmunidad se le estaba concediendo al éste aportar su testimonio, el que fue voluntariamente ofrecido para ser considerado a tales efectos por el Panel sobre el Fiscal Especial Independiente. Así se consignó expresamente, al igual que en el Acta que se levantó, que "en esta etapa preliminar se habría de recibir el testimonio y prueba documental del Sr. Rodríguez Reices para luego de evaluado el mismo por el Panel sobre el Fiscal Especial Independiente se determine sobre la concesión de inmunidad criminal". 
Con estos antecedentes y sin haberse formalizado convenio de inmunidad alguno, ello toda vez que el Secretario de Justicia carecía de facultad a tales efectos y el Panel sobre el Fiscal Especial Independiente ninguna determinación había tomado con respecto a la referida petición de inmunidad, falleció el entonces Alcalde de Aguadilla. Como consecuencia de ello, el F.E.I. perdió jurisdicción y remitió la investigación en trámite al Departamento de Justicia, presentándose luego, en tiempo oportuno, denuncias contra el aquí peticionario por infracción al Art. 166(a) del Código Penal (Apropiación Ilegal Agravada), en relación con los cuales se determinó existencia de causa probable para el arresto, señalándose las mismas para la correspondiente vista preliminar.
*1024 Fue en estas circunstancias que el peticionario presentó la moción de desestimación que dio base al dictamen ahora recurrido, predicada en que el testimonio por él prestado fue bajo condición de inmunidad, estando ahora impedido el Estado de radicar acusaciones en su contra. 
Según ya indicado, basta un examen de los documentos invocados por el peticionario para concluir que los mismos no constituyen ni alcanzan a constituir un convenio de inmunidad. Por el contrario, reflejan lo que son; un ofrecimiento de prueba hecho en forma voluntaria con la finalidad de obtener el peticionario inmunidad criminal en relación con unos hechos delictivos que se encontraban bajo investigación. Con este limitado alcance y ante la realidad de que no se le extendió inmunidad alguna, ninguna expectativa legítima podía tener el imputado más allá de lo que fue expresamente convenido a los efectos de que "si por algún motivo se desistiere de este acuerdo preliminar, su testimonio será sellado y no podrá ser utilizado en proceso alguno". Ello de por sí desviste de todo mérito la argumentación del peticionario.
De otra parte, debe tenerse presente que el peticionario aportó su testimonio en forma voluntaria, asistido por su abogado y sin ser compelido a ello por el Estado. En tales circunstancias, ninguna expectativa podía tener para la eventualidad de que no se le confiriera la inmunidad por él pretendida, fuera de la inmunidad de uso por el negociada.
Según ya indicado, conforme a los términos del "Acuerdo Preliminar sobre Ofrecimiento de Testimonio para Inmunidad Criminal", el Estado se limitó a garantizarle al testigo que nada de lo por él declarado podría ser utilizado como prueba en su contra, obligación que ha sido reconocida por el Ministerio Fiscal al afirmar en su escrito en réplica al memorando de derecho presentado por la defensa ante el foro de instancia, a la pág. 5, que "no utilizará lo vertido por el Sr. Rodríguez Reices en la declaración jurada que fuera presentada durante el transcurso del ofrecimiento de testimonio". Se encuentra así el peticionario en las mismas condiciones en que hubiese estado si no hubiese declarado, en cuanto a la evidencia que puede usar el gobierno en su contra en el trámite procesal de las acciones criminales contra él instadas. Además, tratándose de una inmunidad de uso, la misma no constituye fundamento para desestimar una acusación, "sino una defensa a ser suscitada después de alegar, durante el juicio". Suárez Sánchez v. Tribunal Superior, 92 D.P.R. 507, 515-516 (1965). Basta aquí con señalar que aun en el caso donde se hubiera invocado el privilegio contra la autoincriminación, lo que no es la situación en el caso que nos ocupa, no era necesario otorgarle inmunidad "transaccional" al aquí peticionario para obligarlo a declarar so pena de desacato, siendo suficiente conceder la inmunidad de "uso derivativo". Conforme a esta última, si bien el gobierno puede procesar al testigo criminalmente por el delito con relación al cual invoca el privilegio, "sólo podrá usar en su contra evidencia totalmente independiente o desvinculada con lo que el testigo declaró compelido bajo inmunidad". Ernesto L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Ed. Forum, Vol. I, págs. 157-158.
Forzoso resulta concluir, a la luz de lo antes expuesto, que el foro de instancia dictaminó con corrección al denegar la moción de desestimación promovida por el aquí peticionario. Concluimos, además, que ninguna razón o fundamento meritorio se aduce, ni lo encontramos nosotros, que justifique nuestra intervención en esta etapa procesal del caso para impedir que el aquí peticionario sea procesado por los delitos relacionados con los extremos sobre los cuales voluntariamente testificó, libre en todo caso su derecho para invocar los efectos de la inmunidad de uso por él negociada.
Finalmente, tratándose de una oferta de prueba que hizo voluntariamente el aquí peticionario en circunstancias donde, previo a ello y en protección a su derecho contra la autoincriminación, negoció y obtuvo una garantía por parte del Estado a los efectos de que, *1025 de no serle concedida la inmunidad por él interesada, la información y prueba por él suministrada no sería usada en su contra, a ello está limitado el vínculo obligacional por él invocado. Ello a su vez desmerece, al punto de tornarlo en totalmente frívolo, el argumento del peticionario pretendiendo los efectos de una inmunidad transaccional con el alcance contemplado en la Ley para Procedimiento y Concesión de Inmunidad a Testigos, Ley Núm. 27 de 8 de diciembre de 1990, 1 L.P.R.A. see. 591, et seq. Adviértase que ésta se provee sólo cuando el testigo invoca el privilegio contra la autoincriminación como base para no declarar o testificar. Véanse Arts. 4-6 de la Ley Núm. 27, supra, 1 L.P.R.A secs. 593-595.
Por los fundamentos antes expuestos y en ausencia de error manifiesto o proceder que permita inferir prejuicio o parcialidad, se deniega la expedición del auto solicitado.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Notifíquese por teléfono o fax y por la vía ordinaria.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 76
1. Véase Acta, Apéndice del Recurso, Anejo I.

2. Id.

3. Id
4. Véase Acuerdo Preliminar sobre Ofrecimiento de Testimonio para Inmunidad Criminal, Apéndice del Recurso, Anejo II,
5. El Art. 8, inciso (5) de la Ley Núm. 2 de 23 de febrero de 1988, 3 L.P.R.A., see. 99 o, mejor conocida como "Ley del Fiscal Especial Independiente". 3 L.P.R.A. sec. 99(b) et seq., dispone en lo pertinente:
"Durante el transcurso de una investigación preliminar el Secretario de Justicia no podrá conceder inmunidad ni negociar alegaciones pre-acordadas con funcionarios, empleados, ex-funcionarios o ex-empleados que sean objeto de dicha investigación..." (Enfasis suplido).
Ello constituye el fundamento por el cual el Departamento de Justicia no podía entrar en negociación alguna con el peticionario para concederle inmunidad.
6. Véase Moción de Desestimación, Apéndice del Recurso, Anejo V.
7. El profesor Chiesa Aponte define "inmunidad transaccional" como aquella "que protege al testigo contra procedimiento, convicción o castigo por el delito con relación al cual invoca el privilegio contra la autoincriminación". Define "inmunidad de uso derivativo" indicando que "el Gobierno, si bien es cierto que puede procesar al testigo por el delito con relación al cual invoca el privilegio contra la autoincriminación, no podrá usar en el procedimiento criminal por ese delito contra ese testigo evidencia alguna vinculada en la que el testigo declaró obligado por el gobierno". Ernesto L. Chiesa Aponte, Derecho Procesal Penal de P.R. y E. U., Ed. Forum, Vol. I, págs. 146-147.